CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 12 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD JAMES EGAN, | ) | Civil Action No. 7:11-cv-00004 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HON. GLEN CONRAD, | ) | By: Samuel G. Wilson |
|    Respondent. | ) | United States District Judge |

Petitioner Edward James Egan, a Virginia inmate proceeding pro se, brings this "writ of error coram nobis and motion pursuant to Federal Rules of Civil Procedure Rule 60(b)(6)" which the court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Egan has filed a previous § 2254 motion challenging the same conviction and sentence, the court dismisses his instant petition as successive.

In his filing, Egan argues that the court improperly dismissed his previous § 2254 petition as untimely filed, see Egan v. Johnson, Civil Case no. 7:07cv509 (W.D. Va. Apr. 30, 2008), and reargues the timeliness of his previous petition. To the extent Egan seeks relief under Rule 60(b)(6), his claim fails. Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue. United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). Further, to the extent he seeks a writ of error coram nobis, the court notes that a writ of error coram nobis may not be used to set aside a state conviction. See, e.g., In re Egan, 339 F. App'x 314, 315 (4th Cir. 2009); Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962). Accordingly, the court construes Egan's filing as a § 2254 petition.

However, because Egan filed a previous § 2254 petition challenging the same conviction and

sentence, see Egan v. Johnson, Civil Case no. 7:07cv509 (W.D. Va. Apr. 30, 2008), the court finds that his instant petition is successive. Under the provisions of the federal habeas statutes regarding subsequent or successive § 2254 petitions, the court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. See 28 U.S.C. § 2244(b). Because Egan has not submitted any evidence that he has obtained such certification by the Court of Appeals, the court dismisses his petition without prejudice as successive.[1]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of January, 2011.

United States District Judge

---

[1] A Fourth Circuit form and instructions for filing a request for certification to file a subsequent petition are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.